[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 7, 1986 in Darien, Connecticut. The plaintiff has resided continuously in this state for more than one year past. There are two minor children issue of the marriage: Tricia Zarembski, born February 10, 1988; and Cord Zarembski, born September 17, 1990. The defendant is the father of David Zarembski, born March 22, 1979, issue of the defendant's former marriage. The defendant was awarded custody of this child and he is presently in the care and physical custody of the plaintiff.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82, 46b-56 and 46b-84 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately nine years. In addition to the two minor children issue of the marriage, the defendant had custody of his son from a prior marriage, David Zarembski, born March 22, 1979. This child has resided with the plaintiff and the defendant since the age of three and looks to the plaintiff as his mother. Unfortunately, this child has been physically and verbally abused by his father, the defendant.
The plaintiff, to her credit, has gone to extreme lengths to care for David and to raise him as her son. The plaintiff has a close relationship with this child who has had no contact in years with his real mother. This child presently resides with the plaintiff and his two half siblings issue of this marriage. The plaintiff is 31 years of age and in good health. She has a high school education and can earn approximately $8.50 per hour. Although the plaintiff stayed at home when her two children were younger, she has throughout the marriage been employed in part-time work.
The defendant has been an arborist for the past 22 years. Unfortunately, the defendant is an alcoholic. When he is drinking, he shows a lack of judgment. The defendant has had periods of sobriety. However, he has spent time at Fairfield Hills Hospital and at Guenster House. As a result of his CT Page 6167 alcoholism, the parties lost their home in Shelton which had $70,000 in equity.
The parties separated several times during the course of the marriage. However, the defendant always promised to stop drinking, to get help and the plaintiff would return in an attempt to keep the marriage together.
In addition to his drinking, the plaintiff found that the defendant was having an affair with another woman.
Although the defendant was ordered to attend AA on a regular basis and obtain a sponsor, he has failed to do so.
The defendant has not seen his children since April 21, 1995. There have been occasions when he has called the children in an intoxicated condition.
The parties have problems and are unable to communicate with each other in a reasonable fashion. The defendant claims his personal life is better now with his new female companion. The defendant resides in a large studio apartment in Cos Cob.
The defendant maxed out the parties' Visa credit card. The plaintiff negotiated the debt down to $1636 which she has paid.
The defendant has a products liability claim resulting from an injury he incurred in January 1990.
The defendant has been an arborist all his life. At the present time, he works for the F.A. Bartlett Tree Co. as a foreman earning $17.00 an hour. In addition, in previous years before his back was injured, he had the ability to do side jobs on a Saturday and/or a Sunday earning $560 per week additional monies. The defendant claims he is studying to be a tree doctor which would be a step upward for him. The defendant was sober during the trial of this matter and he has represented himself throughout these proceedings. The defendant was articulate and was able to make known his requests for relief.
The court finds that the defendant's drinking, his infidelity and the physical abuse have contributed to the breakdown of the marriage. The court finds that the greater fault for the breakdown of the marriage must be attributed to the defendant. CT Page 6168
The court appointed attorney for the minor children was present during the trial and examined the witnesses.
The defendant has requested joint custody of the two minor children issue of the marriage. The plaintiff has requested sole custody. The attorney for the minor children has recommended sole custody.
The defendant has not seen his children since April 21, 1995. There was a dispute over the frequency of his telephone calls to the children.
The plaintiff and the defendant are unable to communicate with each other. Although the defendant was sober during this trial, he has not commenced going to AA on a regular basis nor has he obtained a sponsor to assist him with his drinking problem. When he is drinking, the defendant shows a lack of judgment.
When his son David ran away from home, the defendant stayed in his room for two days in an alcoholic stupor.
Based on the evidence which this court heard, joint custody would not be appropriate and would not be in the best interests of the minor children.
The court has considered all the statutory criteria in reaching the decisions reflected in the orders that follow.
CUSTODY
1. The plaintiff is awarded sole custody of the minor children, Tricia Zarembski and Cord Zarembski. Joint custody is not in the best interests of the minor children at this time.
2. With respect to David Zarembski, the son of the defendant, it is ordered that this plaintiff shall be the guardian ad litem of David. Further, the minor child shall continue to reside with the plaintiff and the plaintiff shall have physical custody of David. This court shall retain jurisdiction as to the custody of David until further orders are entered in the probate court. The attorney for David indicated his desire to remain with the plaintiff.
3. The defendant shall have visitation with the minor CT Page 6169 children every other Sunday from 9 a.m. to 7 p.m. The defendant shall be sober when he picks up the children and shall not consume any alcoholic beverages when he has the minor children for visitation.
4. The defendant shall show the plaintiff proof of regular weekly attendance at Alcoholic's Anonymous and shall obtain a sponsor.
5. The defendant shall have phone contact with the children on Tuesday, Thursday and Friday between the hours of 7:30 p.m. and 8 p.m. provided he is sober when he calls.
6. The children shall be entitled to telephone the defendant whenever they so choose.
7. The plaintiff shall keep the defendant advised as to the health, education and welfare of the minor children.
CHILD SUPPORT
1. The defendant shall pay to the plaintiff as child support the sum of $230 per week until each child reaches the age of 18 years or 19 years if still in high school.
2. The award of child support is based on the defendant's gross of $680 per week and a net of $523.85 per week.
3. Commencing September 1, 1995, the defendant shall contribute the further sum of $20 per week toward the day care cost incurred by the plaintiff for the two minor children.
ALIMONY
The defendant shall pay to the plaintiff as alimony the sum of $50 per week until her death, the death of the defendant, the remarriage of the plaintiff, cohabitation with a member of the opposite sex for a period greater than 30 days or until the youngest child reaches the age of 18 years.
MEDICAL COVERAGE
1. The defendant shall maintain medical, dental and hospital coverage for the benefit of these minor children. Any unreimbursed medical expense incurred by the children issue of CT Page 6170 the marriage shall be equally divided between the parties. The defendant shall remain wholly liable as to any unreimbursed medical/dental expenses incurred by the minor child David Zarembski.
2. The plaintiff shall be entitled to COBRA benefits, if any, through the defendant's employment at her expense and cost.
LIFE INSURANCE
The defendant shall maintain life insurance in the maximum amount as is available through his employment. The plaintiff shall be designated irrevocable beneficiary as trustee for the three minor children. There is at least $20,000 in life insurance available to the defendant through his present employment.
DEBTS AND LIABILITIES
1. The defendant shall be responsible for the debts and liabilities as shown on his Financial Affidavit and shall hold the plaintiff harmless.
2. The defendant shall reimburse the plaintiff the sum of $1636 representing the liability for the Visa debt incurred by the defendant and paid by the plaintiff, at the rate of $15 per week.
3. The plaintiff shall be responsible for the remaining debts on her Financial Affidavit and shall hold the defendant harmless.
4. If either party has failed to disclose a known liability on their respective financial affidavits, they will be responsible for that debt and will indemnify and hold the other party harmless therefrom with regard to any joint and several liability to the third party creditor.
LAWSUIT PROCEEDS
The defendant presently has pending a lawsuit for personal injuries occurring out of a bow incident (product liability claim) which occurred in 1990. This lawsuit is being handled by Attorney Edward Kweskin of Stamford (Wofsey, Rosen, Kweskin and Kuriansky, Attorneys at Law).
By way of a property settlement, the plaintiff shall be CT Page 6171 entitled to one-third of his net proceeds of any recovery. The net proceeds shall be the sums remaining after attorney's fees, court costs and disbursement costs of suit and medical expenses have been paid.
ARREARS
The court finds an arrears of $920 as of June 14, 1995 with respect to the pendente lite orders. Said arrears shall be paid at the rate of $25 per week.
EXEMPTIONS
1. Commencing in 1995, the defendant shall be entitled to claim David Zarembski and Cord Zarembski as dependents for income tax purposes provided he is current in the order of child support as of December 31.
2. The plaintiff shall be entitled to claim the remaining child as a dependent for income tax purposes commencing in 1995.
CHANGE OF NAME
The plaintiff is granted a change of name to Zoppi.
COUNSEL FEES
The plaintiff is awarded counsel fees in the amount of $2000. Said fees shall be paid from the defendant's recovery in his personal injury case if not paid prior thereto by the defendant.
RULINGS ON DEFENDANT'S MOTIONS
1. Defendant's Motion for an Evaluation of the plaintiff is denied.
2. Defendant's Motion for Restitution of Damages to his boat is denied.
PERSONAL PROPERTY
The plaintiff shall retain all furniture, furnishings and other property presently in her possession and the defendant shall have no claim thereto. CT Page 6172
Coppeto, J.